UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

OWH SE I.L. (f/k/a VTB BANK (EUROPE) SE),

                Plaintiff,

       v.

CITIBANK N.A.,

                Defendant.

Case No. 1:25-cv-00466-KPF

---

**PROTECTIVE ORDER**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of certain nonpublic and confidential material they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.    "Discovery Material" includes all documents, deposition testimony, interrogatory answers and other information produced, given, provided or exchanged in connection with discovery in the above-captioned litigation (the "Litigation") by any Party or other person (whether

individual or corporate) (each a "Producing Party").  A Party that receives Discovery Material is a "Receiving Party."

2. "Document" is coextensive with the definition of document as set forth in Federal Rule of Civil Procedure 34(a)(1)(A).

3. Any Producing Party may, as reasonably appropriate, designate Discovery Material as "Confidential" or "Highly Confidential" pursuant to the provisions of this Protective Order.  A Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential" is a "Designating Party."

4. "Confidential Material" means Discovery Material designated "Confidential" or "Highly Confidential."

**Designation of Confidential Discovery Material**

5. Discovery Material may be designated "Confidential" if the Designating Party believes in good faith that such Discovery Material constitutes or contains sensitive personal, business, commercial, financial, trade, research, development or proprietary information that is not public.

6. Discovery Material may be designated "Highly Confidential" if the Designating Party believes in good faith that such Discovery Material constitutes or contains: (a) trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers; (b) any other material the producing party believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential; (c) information to which applicable law—foreign or domestic—requires the equivalent of Highly

Confidential treatment; or (d) any other category of information given Highly Confidential status by the Court.

7. A Receiving Party may designate Discovery Material as "Confidential" or "Highly Confidential" if it contains or is derived from information that the Receiving Party could have so designated had it produced the material, subject to the same requirements and limitations as would have applied to the Producing Party.

8. A Party may not designate as "Confidential" or "Highly Confidential" information that was in the public domain before disclosure to the Receiving Party, or that becomes part of the public domain after disclosure to the Receiving Party through no action or fault of a Receiving Party.

**Disclosure of Confidential Material**

9. Confidential Material shall not be disclosed or made available in whole or in part to any persons other than:

   a. The Court and its staff in this Litigation;

   b. Court reporters, stenographers, and video operators recording or transcribing testimony in this Litigation;

   c. Representatives, agents, employees, or in-house counsel of the named parties, whose assistance is needed for purposes of this Litigation except that for Highly Confidential information, disclosure is limited to those specific designated representatives of the party who are the primary decision makers with authority and control over the prosecution or defense of the litigation;

   d. in connection with their depositions or trial testimony, witnesses and their counsel to whom disclosure is reasonably necessary;

e. Outside counsel for any party, including associated personnel necessary to assist outside counsel in this action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

f. Expert consultants or expert witnesses ("Experts") retained by a party or counsel in connection with this Litigation, and clerical or secretarial employees of such Experts, to the extent necessary for such Experts to prepare written opinions, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that each such person (i) has signed the Confidentiality Affidavit attached hereto as **Exhibit A** prior to receiving or viewing any such Confidential Material, and (ii) agrees to comply with, and be bound by, this Protective Order in its entirety;

g. Litigation support vendors engaged by a party or counsel in connection with this Litigation, and clerical or secretarial employees of such vendors, to the extent necessary for such vendors to assist counsel in this Litigation, provided that such vendor (i) has signed the Confidentiality Affidavit attached hereto as **Exhibit A** prior to receiving or viewing any such Confidential Material, and (ii) agrees to comply with, and be bound by, this Protective Order in its entirety;

h. Any non-party fact witness to the extent reasonably necessary to prepare that witness to testify in this Litigation or to question that witness at trial or deposition, provided that such person (i) has signed the Confidentiality Affidavit attached hereto as **Exhibit A** prior to receiving or viewing any such Confidential Material, and (ii) agrees to comply with, and be bound by, this Protective Order;

    i. Any person indicated on the face of a document to be the author, addressee, or an actual recipient of the document;

    j. Independent certified public accountants, auditors, or other financial professionals retained by a Party for the purposes of conducting audits, financial reviews, or compliance assessments, provided that such persons are bound by professional duties of confidentiality;

    k. Governmental agencies, regulatory bodies, or other authorities having jurisdiction over a Party's business or operations, to the extent such disclosure is required by law, regulation, subpoena, or governmental request;

    l. As authorized by court order; and

    m. Any other person only upon agreement among the parties, provided that such person (i) has signed the Confidentiality Affidavit attached hereto as **Exhibit A** prior to receiving or viewing any such Confidential Material, and (ii) agrees to comply with, and be bound by, this Protective Order.

**Procedures Relating to Designation**

10. Any Producing Party may designate Discovery Material as Confidential or "Highly Confidential" by, so far as is practicable, affixing the legend "Confidential" or "Highly Confidential" to each page requiring the protections provided in this Protective Order, or by any other reasonable method including any method agreed to by the parties.

11. For transcripts of depositions or other testimony given in pretrial proceedings, counsel for plaintiff or defendant may designate specific testimony as "Confidential" or "Highly Confidential" either on the record at the deposition or other proceeding, or in writing served on all

parties, no later than 30 days following the date on which attorneys for the Designating Party have received the final version of the transcript of the deposition or other proceeding.

12. If Confidential Material will be disclosed or discussed at a deposition or other proceeding, the Designating Party shall have the right to seek to exclude any person not entitled to have access to such information.

13. All filings containing Confidential Material, including documents a Party seeks to file with redactions or under seal, shall comply with this Court's Individual Rules of Practice in Civil Cases, including Rules 9(B) and 9(C).

**Permissible Use of Public or Own Material**

14. Notwithstanding any other provision of this Protective Order, this Order does not restrict in any way any party or person's use of:

    a. Its own information or its right to provide such information to any other person, even if others have designated similar or identical information as Confidential or "Highly Confidential";

    b. Information that is in the public domain, as long as such information did not become public in violation of this Protective Order; or

    c. Information that a person develops or obtains through proper means without violation of this Protective Order.

**Inadvertent Failure to Designate**

15. An inadvertent failure to appropriately designate Discovery Material as "Confidential" or "Highly Confidential" at the time of production does not waive a Designating Party's right thereafter to designate the Discovery Material as such under this Protective Order

within 14 calendar days of the date of Producing Party's discovery of the inadvertent failure to appropriately designate.

16. Upon receipt of such designation as provided for in Paragraph 13, each Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. If possible, the Designating Party shall promptly produce new copies of the material at issue, with the proper designation, after which Receiving Parties shall promptly destroy all copies with the improper designation and shall request that all persons to whom the Receiving Party has provided copies do likewise. The Receiving Party shall inform the Designating Party in writing when destruction of all such copies has been completed.

**Non-Waiver of Privilege**

17. If a Producing Party has inadvertently produced Discovery Material that contains information protected or prohibited from disclosure by the attorney-client privilege or other protection, then upon written request by the Producing Party after the discovery of such production, the Receiving Party shall promptly return or destroy the Discovery Material for which a claim of such privilege is made , must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

18. Notwithstanding the foregoing, when the Receiving Party receives notice that protected information has been inadvertently produced, it shall have 14 calendar days to give notice that it challenges the assertion of protection from disclosure. The Receiving Party will not be required to return or destroy such Discovery Material and referencing work product if, within

said 14 calendar days, the Receiving Party notifies the Producing Party that it intends to file a motion to compel production of the Discovery Material (the "Motion to Compel"). In that case, the Receiving Party shall not use or disclose the Discovery Material for any purpose other than in connection with the Motion to Compel unless the Court grants the Motion to Compel.

**Judicial Relief**

19. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

20. If a party hereto or signatory of a Confidentiality Affidavit receives a subpoena or other request or demand for the production of Confidential Material to persons or entities who are not parties to this litigation, whether pursuant to court order or otherwise (thereby becoming a "Responding Person"), the Responding Person shall, unless prohibited from doing so by applicable law, notify by email the relevant Producing Party of said request or demand within 48 hours of its receipt. In that regard,

> a. If notice is to Plaintiffs, then such notice shall be to
>
> Samuel J. Rubin and Lindsay E. Hoyle
> Goodwin Procter LLP
> 620 Eighth Avenue
> New York, New York 10018
> (212) 813-8800
> SRubin@goodwinlaw.com
> LHoyle@goodwinlaw.com
>
> b. If notice is to Defendant, then such notice shall be to
>
> Andreas A. Frischknecht and Joshua D. Anders
> Chaffetz Lindsey LLP
> 1700 Broadway, 33rd Floor
> New York, NY 10019
> 212-257-6960
> a.frischknecht@chaffetzlindsey.com
> j.anders@chaffetzlindsey.com

The Responding Person shall not, unless required by law, produce such Confidential Material prior to such notification to the Producing Party. The Responding Person shall further reasonably cooperate with the Designating Party to obtain, if available, an appropriate protective order against production or an order quashing the request, or, alternatively, an order or other reliable assurance, where possible, that equivalent confidential treatment and protections will be accorded to any such material to be produced.

21. The parties acknowledge and agree that a material violation of this Protective Order by any Responding Person would not be compensable by money damages. Accordingly, the parties shall be entitled to seek equitable relief from a court of competent jurisdiction to enforce this Protective Order, including injunctive relief to prevent or remedy breaches hereof.

**Objections to Designation**

22. If any Receiving Party objects to the designation of any Discovery Material as "Confidential" or "Highly Confidential," the Receiving Party shall first identify the specific material as to which it objects, as well as the basis for its objection in writing to the Designating Party ("Designation Objection"). The Designating and Receiving Parties shall confer in good faith to attempt to resolve any dispute regarding any such designation. If the Parties are unable to resolve the dispute within 21 calendar days of the Designation Objection, the Receiving Party may seek appropriate relief from the Court; provided, however, that all Discovery Material to which the Designation Objection applies shall continue to be treated by Receiving Parties as Confidential in accordance with this Protective Order, until such Designation Objection is resolved. If the Receiving Party does not request relief from the Court within 30 calendar days of the Designation Objection, the Discovery Material shall continue to be considered Confidential as designated.

23. No party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation.

**Scope of Agreement**

24. This Protective Order shall survive the termination of this Litigation, whether by order, final judgment, settlement or otherwise, and shall thereafter continue in full force and effect.

25. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of any action.

**Procedures Following Termination of Litigation**

26. Following the final conclusion of this Litigation, including all avenues of appeal from any first instance judgment, a Producing Party may request that all Confidential Material, and any and all copies thereof, be returned to the Producing Party or destroyed; provided, however, that counsel may retain copies of pleadings, motion papers, transcripts, and other documents filed with the Court and attorney work product (together "Retained Materials"), which remain subject to the terms of this Protective Order.  The person receiving such request to return or destroy Confidential Material shall comply with it within 21 days of receipt.

**Miscellaneous Provisions**

27. Nothing in this Protective Order shall be deemed a waiver of (a) any argument by a Producing Party that additional measures (including, without limitation, the redaction or anonymization of personally identifying information, or of client-specific information pertaining

to other bank clients) are necessary to ensure the Producing Party's compliance with applicable law; or (b) any objection by a Receiving Party to such additional measures.

   28. This Protective Order shall be governed and construed in accordance with the laws of the State of New York.  This Court shall have sole and exclusive jurisdiction to adjudicate any action to enforce this Protective Order.

Dated: New York, New York
    <u>May</u> <u>29</u>, 2025

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions
of this agreement only for the pendency of this litigation.  Any
party wishing to make redacted or sealed submissions shall comply
with Rule 9 of this Court's Individual Rules of Civil Procedure.
```

**IT IS SO ORDERED:**

*/s/ Katherine Polk Failla*
_____
The Honorable Katherine Polk Failla
United States District Judge

## EXHIBIT A – CONFIDENTIALITY AFFIDAVIT

COUNTY OF _____

STATE OF _____

      The undersigned hereby swears, deposes and says, under penalty of perjury, that he/she has read the foregoing Protective Order, dated _____ \_\_\_\_, 2025, entered into in connection with the above-captioned litigation presently pending before the United States District Court for the District of New York, understands the terms thereof, agrees to be bound by such terms, and irrevocably consents to the personal and subject matter jurisdiction of the federal and state courts situated in New York for purposes of any action to enforce such terms.

      _____

NOTARIZED BY:

_____

DATE: _____